UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JULIA HADLEY, | NO. CIV. 09-414 WBS EFB |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, and DOES 1 thru 50, inclusive, | |
| Defendants. | |

----oo0oo----

I. Factual and Procedural Background

Plaintiff Julia Hadley brought this action against defendant The Prudential Insurance Company of America alleging violations of state law following defendant's rejection of her claim for dependent life benefits. Plaintiff alleges that she purchased a policy for dependent life benefits from defendant in 1991. (Compl. ¶ 1.) Her employer, the University of California ("UC Regents"), allegedly acted as the third-party administrator

1

for that policy and as defendant's agent. (Id. ¶ 4.)

In October 2005, plaintiff and her husband divorced. Plaintiff thereafter inquired with UC Regents as to whether she and her now ex-husband could qualify as legal domestic partners for the purposes of benefits. (Id. ¶ 7.) In response, UC Regents allegedly informed her that as long as she submitted a Declaration of Domestic Partnership, she and her husband would qualify as domestic partners. (Id.) According to plaintiff, UC Regents, acting on behalf of defendant, further represented that as qualified domestic partners, plaintiff would be paid $200,000 under her dependent life benefits policy upon the death of her ex-husband. (Id. ¶ 29.) Plaintiff subsequently continued to pay the premiums on her policy and did not seek a new or different dependent benefits policy. (Id. ¶ 8.)

Plaintiff's ex-husband died on February 6, 2007. (Id.) She then made a claim for benefits under her policy, but, on August 20, 2007, defendant responded that the policy was "null and void" and declined to pay plaintiff benefits under the policy. (Id. ¶¶ 16, 29.) Plaintiff subsequently filed her Complaint on January 9, 2009, in the Sacramento County Superior Court, asserting claims for breach of insurance contract, breach of the implied covenant of good faith and fair dealing, negligence, negligent misrepresentation, and negligent infliction of emotional distress. Defendant removed the action to this court on February 1, 2009, on the basis of diversity jurisdiction. (See Notice of Removal (Docket. No. 2) 1:24-25.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant now moves to dismiss plaintiff's third claim for

2

negligence, fourth claim for negligent misrepresentation, and fifth claim for negligent infliction of emotional distress.

II. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Twombly, 127 S. Ct. at 1968 (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

A. Negligence

In some circumstances, an insurance agent may assume a special duty of care to an insured to provide accurate information regarding the terms or adequacy of a policy's coverage and may be held liable for negligence if that duty is breached. See Paper Savers, Inc. v. Nacsa, 51 Cal. App. 4th 1090, 1097 (1996) (explaining that an insurance agent "may [] assume a greater duty toward his insured by misrepresenting the policy's terms or extent of coverage"); Free v. Republic Ins. Co., 8 Cal. App. 4th 1726, 1729-30 (1992) (holding that an

3

insurance agent and insurer could be held liable for negligence for breaching a special duty of care that arose when the agent elected to respond to the insured's specific inquiries as to the adequacy of his coverage); Westrick v. State Farm Ins., 137 Cal. App. 3d 685, 692 (1982) (explaining that an insurance agent could be liable for negligence when, because the agent failed to request more information following the insured's inquiry as to the extent of coverage, the insured falsely believed his new vehicle was automatically covered under his existing policy).

When an insurance agent breaches such a duty, the insurer can be held vicariously liable for negligence if it directed, authorized, or ratified the agent's conduct. Desai v. Farmers Ins. Exch., 47 Cal. App. 4th 1110, 1118, 1121 (1996) (citing Shultz Steel Co. v. Hartford Accident Indemnity Co., 187 Cal. App. 3d 513, 518-19 (1986)); see Free, 8 Cal. App. 4th at 1731 (noting that a plaintiff may need to show that the insurance agent acted within the scope of its authority to hold the insurer liable at trial). But cf. Sanchez v. Lindsey Morden Claims Servs., Inc., 72 Cal. App. 4th 249, 254 (1999) (noting, in the context of whether an insurance adjuster could be held liable for negligence to an insured, that "negligence is not among the theories of recovery generally available against insurers").

Here, plaintiff alleges that UC Regents responded to her specific inquiry about her coverage under the dependent life benefits policy and informed her that she and her ex-husband, as recognized domestic partners, qualified for benefits under that policy. (Compl. ¶ 7.) Nevertheless, plaintiff avers that no attempt was made to determine whether she and her husband in fact

4

qualified as domestic partners (id. ¶ 23), and defendant ultimately denied her claim for benefits under the policy (id. ¶ 16).

The Complaint avers that UC Regents served as the third-party administrator of the policy (id. ¶ 4), though the policy itself references UC Regents as the policyholder (see id. Ex. A).[1]  Under California law, an employer that administers a group insurance policy for the benefit of its employees acts as the agent of the insurer, even when the policy names the employer as the insured.  Elfstrom v. New York Life Ins. Co., 67 Cal. 2d 503, 505, 512 (1967) ("We are convinced that the employer is the agent of the insurer in performing the duties of administering group insurance policies."); see McCormick v. Sentinel Life Ins. Co., 153 Cal. App. 3d 1030, 1041 (1984) (recognizing that a third party that administers a policy for an insurer may qualify as the insurer's agent depending on the nature of its duties).

As alleged, UC Regents thus acted as defendant's agent when it responded to plaintiff's coverage inquiry and assumed a special duty to plaintiff that was then breached.  Plaintiff's allegations are sufficient to state a claim for negligence against defendant, and the court must accordingly deny defendant's motion to dismiss on these grounds.

B.  Negligent Misrepresentation

Plaintiff asserts a claim for negligent misrepresentation against defendant based upon UC Regents' representations that plaintiff and her husband would qualify as

---

[1] Plaintiff attached a copy of the dependent life benefits policy to the Complaint. (See Compl. ¶ 4; id. Ex. A.)

domestic partners under the policy. (Compl. ¶ 29.) The elements of negligent misrepresentation under California law are: "1) the misrepresentation of a past or existing material fact, 2) without reasonable ground for believing it to be true, 3) with intent to induce another's reliance on the fact misrepresented, 4) justifiable reliance on the misrepresentation, and 5) resulting damage." Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007) (citing Shamsian v. Atl. Richfield. Co., 107 Cal. App. 4th 967, 983 (2003)). A principal may be held liable for the negligent misrepresentation of an agent. See Furla v. Jon Douglas Co., 65 Cal. App. 4th 1069, 1078 (1998).

Defendant contends that plaintiff's claim of negligent misrepresentation must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (Mot. Dismiss 5:16-26.) Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Ninth Circuit has held that a party need only comply with Rule 9(b) when that party has specifically alleged fraud or alleged "facts that necessarily constitute fraud." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003). For the purposes of this analysis, "the 'indispensable elements of a fraud claim [under California law] include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Id. (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

Other courts have explicitly held that a party need not

comply with the standards of Rule 9(b) when pleading a claim of negligent misrepresentation. See Tricontinental Indust., Ltd. v. PricewaterhouseCoopers, LLP, 475 F.3d 824, 839 n.9 (7th Cir. 2007); General Elec. Capital Corp. v. Posey, 415 F.3d 391, 396-97 (5th Cir. 2007); Forte Capital Partners v. Harris Cramer, No. 07-1237, 2007 WL 1430052, at *8 (N.D. Cal. May 14, 2007). But see U.S. Concord, Inc. v. Harris Graphics Corp., 757 F. Supp. 1053, 1058 (N.D. Cal. 1991) (applying Rule 9(b)'s requirements to a claim for negligent misrepresentation because it was based on the same factual allegations as the plaintiff's claim for fraud).

Here, plaintiff's claim of negligent misrepresentation does not specifically allege fraud because, "[i]n contrast to fraud, negligent misrepresentation does not require knowledge of falsity." Apollo Capital, LLC, 158 Cal. App. 4th at 243.[2] Plaintiff's factual allegations also do not necessarily constitute fraudulent conduct. Plaintiff avers that UC Regents, as defendant's agent, represented to plaintiff that she and her ex-husband qualified as domestic partners under her dependent life benefits policy. (Compl. ¶ 29.) She alleges that there

---

[2] The court acknowledges that California law treats negligent misrepresentation as a species of fraud in some contexts. See Cont'l Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal. App. 3d 388, 404 (1989) (holding that negligent misrepresentation falls within the meaning of "fraud" as used in California's statutory prohibition on exculpatory clauses in contracts). But see Ventura County Nat'l Bank v. Macker, 49 Cal. App. 4th 1528, 1531 (1996) (providing that negligent misrepresentation is a form of negligence rather than fraud for statute of limitations purposes). Nevertheless, the categorization of the tort of negligent misrepresentation in these state statutory contexts does not affect the court's analysis. For purposes of Rule 9(b), fraud under California law consists of "the indispensable elements" identified by the Ninth Circuit. See Vess, 317 F.3d at 1105.

7

were no reasonable grounds for believing the accuracy of this representation at the time UC Regents made it. (Id. ¶ 30.) Plaintiff does not allege, however, that defendant or UC Regents knowingly provided false information about plaintiff's policy or made the representation with the intent to defraud. Plaintiff's allegations are therefore not subject to the heightened pleading requirements of Rule 9(b). See Vess, 317 F.3d at 1105 (holding that a plaintiff's allegation that the defendant negligently failed to disclose information with knowledge of its materiality did not have to satisfy the heightened requirements of Rule 9(b)).

Under the more liberal pleading standards of Rule 8(a), plaintiff's allegations are sufficient to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The allegations indicate that plaintiff's claim is based upon UC Regents' statements, made as defendant's agent, to plaintiff in response to her inquiries concerning the coverage of her policy. Accordingly, the court must deny defendant's motion to dismiss plaintiff's claim for negligent misrepresentation.

C. Negligent Infliction of Emotional Distress

The tort of negligent infliction of emotional distress (NIED) is not an independent tort under California law. Cramer v. Consol. Freightways, Inc., 209 F.3d 1122, 1133 (9th Cir. 2000) (citing Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965 (1993)). NIED is a form of negligence to which the standard elements of duty, breach, causation, and damages apply. Hillblom

v. County of Fresno, 539 F. Supp. 2d 1192, 1209 (E.D. Cal. 2008) (O'Neill, J.) (citing Huggins v. Longs Drug Stores Cal., Inc., 6 Cal. 4th 124, 129 (1993)). To assert an NIED claim, a plaintiff must suffer "serious" emotional distress. Tuttle v. Chase Ins. Life & Annuity Co., No. 07-3637, 2007 WL 2790359, at *3 (N.D. Cal. Sept. 20, 2007) (citing Burgess v. Superior Court, 43 Cal. App. 4th 1064, 1073 (1992)).

Under California law, NIED claims may be categorized as "bystander" or "direct victim" claims based on the source of the duty owed by the defendant. "Direct victim" claims "arise[] from the breach of a duty that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of the defendant's preexisting relationship with the plaintiff." Huggins, 6 Cal. 4th at 129 (citations omitted); see Fluharty v. Fluharty, 59 Cal. App. 4th 484, 493 (1997) ("As a direct victim, a party may recover strictly emotional distress damages, i.e., absent physical injury or impact, where a duty arising from a preexisting relationship is negligently breached." (citing Burgess, 43 Cal. App. 4th at 1074)).

Here, plaintiff adequately alleges that defendant directly owed her a duty of care. Plaintiff's negligence allegations encompass the breach of a special duty created by defendant's agent UC Regents' response to inquiries concerning plaintiff's policy. According to plaintiff, she suffered significant emotional distress, including sleeplessness, anxiety, and physical distress, as a result of defendant's conduct. (Compl. ¶ 36.) The Complaint therefore states a claim for NIED, and accordingly, the court must deny defendant's motion to

dismiss plaintiff's fifth claim for relief.

IT IS THEREFORE ORDERED that defendant's motion to dismiss be, and the same hereby is, DENIED.

DATED: April 1, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE