1   Robin K. Perkins, SBN: 131252
PERKINS & ASSOCIATES
2   520 Capitol Mall, Suite 600
Sacramento, CA 95814
3   Telephone:     (916) 446-2000
Facsimile:      (916) 447-6400

4
Attorneys for Plaintiff
5   JULIA HADLEY

6

7
UNITED STATES DISTRICT COURT
8
EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO
9

10   JULIA HADLEY,                                    Case No. 2:09-cv-00414-WBS-EFB

11                  Plaintiff                         **STIPULATION FOR CONFIDENTIALITY
AND PROTECTIVE ORDER**
12          v.

13   THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, a New
14   Jersey Corporation, and DOES 1 thru 50,
inclusive.
15
Defendant(s).
16

17

18

19

20

21

22

23

24

25

26

27

28

PERKINS & ASSOCIATES       STIPULATION FOR CONFIDENTIALITY AND PROTECTIVE ORDER
520 Capitol Mall, Suite 600
Sacramento, CA  95814
916.446.2000

1

2

WHEREAS, Documents and other Writings as defined in Rule 34(a) of Federal Rules of

3

Civil Procedure and Rule 1001 of Federal Rules of Evidence are being produced by Plaintiff Julia

4

Hadley ("Plaintiff") to Defendant The Prudential Insurance Company of America ("Prudential" or

5

"Defendant") including, but not limited to, client medical records, files and financial information,

and other documents of a confidential or proprietary nature; and

6

7

WHEREAS, the purpose of this Stipulation and Protective Order is to protect the

confidentiality of such information; and

8

9

WHEREAS, enumerated in Rule 26 of Federal Rules of Civil Procedure which provides for

10

the issuance of protective orders limiting the disclosure of pertinent information under the

circumstances described herein.

11

12

IT IS HEREBY STIPULATED between Plaintiff, represented by and through counsel, and

Defendant, represented by and through counsel, as follows:

13

1.      Definition:

14

a)      Confidential Information:  In connection with any and all discovery and other

15

proceedings in this action, any party may designate any pleading, testimony, information, document,

16

or other thing filed or produced (collectively referred to herein as "Material") as "Confidential

17

Information" under the terms of this Protective Order.

18

2.      Marking Of Confidential Information:

19

a)      Good Faith:  Any party may designate Material as Confidential Information if

20

that party in good faith believes that such Material constitutes or reflects information that constitutes

21

confidential financial, medical, or employment information; trade secrets; confidential business or

22

project related information; and/or information which would be unduly embarrassing to individuals

23

not parties to this litigation.

24

b)      Marking of Documents:  Designation of Material may be made by stamping or

25

otherwise marking the Material prior to filing or production as follows: "CONFIDENTIAL."  Such

26

marking shall occur on every page of the Material that is designated as Confidential Information.

27

28

c)      Marking of Testimony:   Testimony given at deposition, conference, arbitration, or other out of court proceeding may be designated as Confidential Information by making a statement to that effect on the record at such proceeding.  Arrangements shall be made with the court reporter, if any, transcribing such testimony to bind separately any portions of the transcript containing Confidential Information, including Confidential Information introduced as exhibits at the proceeding, and to label such portions "CONFIDENTIAL."  A party may designate testimony and/or exhibits to a deposition as a Confidential Information by notifying the other party of such designation within ten (10) days of the party's receipt of the deposition transcription.  Such information is not protected by this Stipulation and Protective Order until it has been designated as Confidential Information.

d)      Marking of Discovery:  Material disclosed in response to Interrogatories or other written discovery may be designated as Confidential Information by indicating the same in bold and capitalized letters in response.

3.      Right Of Access To Designated Information:

a)      Scope of Order:  This order shall bind the parties to this action and their agents, attorneys, consultants and representatives for use and disclosure of information in pre-trial discovery.  This order does not restrict use or disclosure of information at trial or in preparation for trial, notwithstanding anything to the contrary herein.  Nothing herein shall be construed to be an admission of relevance, or to affect, in any way, the admissibility of any documents, testimony or other evidence in this action.

b)      Permissible Disclosures:  Disclosure of, or access to, information designated as confidential, including summaries thereof, shall be limited to the following persons, who shall be required to first execute the requisite declaration as set forth in subsection (c) below:  (i) the parties; (ii) the parties' counsel of record, in-house counsel or other specifically identified counsel, and associate attorneys and paralegal and clerical employees assisting any of these counsel; (iii) court reporters and videographers of sworn proceedings; (iv) consultants or experts retained by the parties to consult or testify in the case; (v) services retained by counsel to photocopy or image documents or

evidence; (vi) any person who has previously seen a document, on its face, or has been sent the designated information, such as authors, drafters, recipients and copyholders of the documents or information; and (vii) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation, but as to this category (vii) counsel must retain physical custody of the confidential document or other tangible thing unless consent to release it is given by the party that designated it as confidential.  Disclosure of confidential information to any expert or consultant shall be limited to that confidential information necessary for the witness's consultation work or preparation to testify.  No person or service whose only involvement with Confidential Information arises in the course of performing their duties as a deposition officer with respect to one or more subpoenas duces tecum shall be required to sign a declaration as set forth in subsection (c). Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her clients in this action with respect to this action and, in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" information.

c)       Prohibition Against Disclosure to Unauthorized Persons:  With respect to all documents, information, or tangible items produced or furnished by a party during this litigation, which are designated as confidential by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.  Confidential information received by any authorized person shall be used only for purposes of this litigation and for no other purpose.

d)       Requirement to Obtain a Written Declaration:  Before disclosure of any confidential information subject to this Protective Order is made to anyone authorized by this Agreement to see the document or other information, counsel for the party disclosing the information shall obtain a written declaration from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that such person has read this Protective Order, that

1
2
3
4
5

such person agrees to comply with and be bound by this Protective Order, that such person is aware that contempt sanctions may be entered for violation of this Protective Order, and that such person consents to the personal jurisdiction of this Court.  The originals of all signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

6
7
8
9
10
11

        4.      Disclosure Contrary to This Protective Order:  If confidential information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

12
13
14
15
16

        5.      Disclosure Must Conform to This Protective Order and Future Court Orders:  Unless modified by any future order issued by the Court, no person or party shall directly or indirectly utilize or disclose any confidential information obtained pursuant to pretrial discovery in this action, except for the purpose of this action and any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Protective Order.

17
18
19
20
21

        6.      Instructions for Filing Confidential Information:  If a party wishes to submit a document to the Court which has been designated Confidential Information or which contains Confidential Information, the submitting party shall move to file such document under seal in accordance with the pre-filing procedures set forth in Local Rules 39-140 and 39-141.  No documents shall be sealed without an order of the Court.

22
23
24
25
26
27

        7.      Judicial Relief:  Any party may object to a "confidential designation" within twenty (20) days following production of documents, testimony, or other tangible things designated as confidential.  Objections shall be made in writing, shall state the basis of the objection, and shall identify with particularity the documents and pages thereof to which the objection applies.  If the parties cannot resolve the dispute over a "confidential designation" within fifteen (15) days

28

following service of the objection, the party objecting to the designation may bring a noticed motion (to be kept under seal) to the Court seeking an order removing the "confidential designation."

8.    Other Objections Preserved:  This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

9.    Right to Seek or Agree to Other Orders:  This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

10.    Return of Designated Information and Continued Agreement to Confidentiality:  At the conclusion of the litigation, including any appeals, all confidential information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party.  The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, confidential information produced hereunder shall continue to be binding after the conclusion of this action.

11.    Violation:  Any party to this action may file a motion requesting that the Court hold in contempt of Court anyone who violates the terms of this Protective Order.

12.    Return of Documents, Post-litigation:  Within thirty (30) days after final termination of this action, or at a later time at the request of the producing party, counsel for the receiving party shall return all additional "CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party, to counsel for the party who has provided such "CONFIDENTIAL" information in discovery.  Nothing herein shall require the return or destruction of attorney work product.  Such material shall continue to be treated as designated under this Order.

///

///

///

PERKINS & ASSOCIATES
520 Capitol Mall, Suite 600
Sacramento, CA  95814
916.446.2000

1  Dated:  September ___, 2009                    PERKINS & ASSOCIATES

2

3                                                 By: _/s/ Robin K. Perkins_____
                                                       ROBIN K. PERKINS
4                                                      Attorney for Plaintiff JULIA HADLEY

5

6  Dated:  September ___, 2009                    BARGER & WOLEN LLP

7

8                                                 By: __/s/ Scott E. Calvert_____
                                                       ROBERT J. MCKENNON
9                                                      SCOTT E CALVERT
                                                       Attorney for Defendant The Prudential
10                                                     Insurance Company of America

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

# ORDER

3

4        Pursuant to the Stipulation of Plaintiff Julia Hadley and Defendant The Prudential Insurance

5    Company of America, and good cause appearing, an Order protecting all documents marked

6    "CONFIDENTIAL" consistent with the terms is entered.

7

        IT IS SO ORDERED.

8

9

    Dated:  September 24,2009                                    _____
10                                                              Edmund F. Brennan
                                                               U.S. Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28